**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT LEWIS, Jr.,

          Petitioner-Appellant,

v.

RONALD DAVIS, Warden,

          Respondent-Appellee.

No.   20-56414

D.C. No.
2:19-cv-05942-AB-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted August 25, 2023
Pasadena, California

Before:  BERZON, RAWLINSON, and BRESS, Circuit Judges.

Robert Lewis, Jr. (Lewis) appeals the district court's denial of his federal

habeas petition raising several ineffective assistance of counsel claims. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm the district court's denial of

Lewis' federal habeas petition.

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Although "[w]e review a district court's denial of a habeas petition *de novo*," Lewis here must demonstrate that the state court's decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Kelsey v. Garrett*, 68 F.4th 1177, 1181 (9th Cir. 2023) (citations omitted).

1.      Lewis' unsupported claim that his counsel was ineffective during pre-trial proceedings is insufficient to establish that his "counsel's representation fell below an objective standard of reasonableness." *Leeds v. Russell*, 75 F.4th 1009, 1018 (9th Cir. 2023) (citation omitted).[1]

2.      The California Supreme Court reasonably held that Lewis' counsel was not ineffective for refraining from asking additional questions or exercising additional peremptory challenges during voir dire.  The selected jurors "indicated that they could render a fair verdict based on the evidence presented." *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011), and "[t]he conduct of voir dire will in most instances involve the exercise of a judgment which should be left to competent defense counsel." *Hovey v. Ayers*, 458 F.3d 892, 910 (9th Cir. 2006)

---

[1] Irrespective of Lewis' contention that his counsel engaged in a pattern of ineffective assistance in other cases, "[w]e judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Leeds*, 75 F.4th at 1018 (citation and internal quotation marks omitted).

2

(citation and internal quotation marks omitted).

3.     Lewis' counsel did not render constitutionally ineffective assistance when he did not interview the owner of a jewelry store concerning a receipt for a gold chain that Lewis' sister testified she purchased at that store before the victim was killed. The investigation conducted by Lewis' counsel indicated that the receipt was either forged or did not refer to the gold chain introduced into evidence. *See Kelsey*, 68 F.4th at 1187-88 (explaining that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary") (citation and alteration omitted).

4.     Lewis' counsel sufficiently investigated potential mental health defenses after consulting a psychologist and psychiatrist who determined that Lewis did not have any mental impairments. *See id.*

5.     Lewis' counsel sufficiently investigated and presented the defense that the car owned by the victim was registered at a motel under Lewis' name before the victim was killed. The authenticity of the motel registration card was not called into question, as the motel manager testified concerning its contents and Lewis' father testified that he completed the vehicle information on the card. Because this information was presented to the jury, counsel's performance was within the bounds of "reasonable competence." *Maryland v. Kulbicki*, 577 U.S. 1,

3

5 (2015) (per curiam) (citation omitted). Lewis also "provides no evidence that [his wife] would have provided helpful testimony for the defense-i.e., [Lewis] has not presented an affidavit from" his wife detailing the basis for her testimony or that she was available to testify at Lewis' trial. *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000).

6. Because Lewis' palm print was discovered in the victim's residence despite his statements that he never entered the home, Lewis' counsel maintained during closing arguments that fingerprints discovered in the victim's residence were not sufficiently investigated by the police, and someone else could have been present. *See Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (emphasizing the deference afforded "a defense attorney's summation").[2] This statement did not concede Lewis' alibi defense.

7. Lewis' counsel was not ineffective for failing to object to jury instructions concerning possession of recently stolen property and weighing

---

[2] Lewis' related claims that his counsel should have sought third-party culpability and aiding and abetting instructions do not warrant federal habeas relief. Lewis' counsel did not assert in closing arguments that Lewis acted in concert with a culpable third party or accessory, thus negating any basis for these instructions. *See United States v. Torres*, 869 F.3d 1089, 1101 (9th Cir. 2017) (explaining that a jury instruction is unwarranted "if the evidence . . . is insufficient as a matter of law to support the proffered defense") (citation and internal quotation marks omitted).

conflicting evidence. "[T]he arguments against the instructions [Lewis] now challenges would not have been legally supported or would have been foreclosed by then-governing law, so counsel was not ineffective for failing to raise them." *Floyd v. Filson*, 949 F.3d 1128, 1144 (9th Cir. 2020), *as amended*; *see also People v. Barker*, 91 Cal. App. 4th 1166, 1174-75 (2001) (detailing extensive history of possession of recently stolen property instruction); *People v. Flores*, 115 Cal. App. 3d 67, 83 (1981) (rejecting challenge to weighing conflicting evidence instruction).

Lewis is not entitled to habeas relief due to cumulative error because we discern no error. *See McGill v. Shinn*, 16 F.4th 666, 685 (9th Cir. 2021).

**AFFIRMED.**